Filed 9/18/14  Barbara A. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BARBARA A.,<br><br>    Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | F069593<br><br>(Super. Ct. Nos. 12CEJ300064-1, 12CEJ300064-2 & 12CEJ300064-3)<br><br><br>**O P I N I O N** |

## THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Timothy A. Kams, Judge.

Isaiah Peterson, for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

*    Before Levy, Acting P.J., Detjen, J., and Franson, J.

Barbara A. (mother) seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) following a juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing to select and implement permanent plans for her three daughters.[1]  Mother contends there was insufficient evidence to support the court's exercise of jurisdiction over the children with regard to her and its order denying her reunification services.

On review, we conclude mother has failed to provide an adequate record for this court to review the juvenile court's findings and orders.  Mother's petition also fails to comport with the procedural requirements of section 366.26, subdivision (*l*) and California Rules of Court, rule 8.452.  Accordingly, we will dismiss her petition.

## PROCEDURAL AND FACTUAL SUMMARY

The parents' untreated substance abuse and resulting neglect led the juvenile court in 2012 to exercise its dependency jurisdiction over the children and remove them from parental custody.  The court also ordered numerous reunification services for both parents.  Mother's court-ordered services included a substance abuse assessment and recommended treatment.  Although residential drug treatment was recommended and real party in interest Fresno County Department of Social Services (department) referred mother multiple times, mother never entered such a program or for that matter participated in any other court-ordered services.  Mother did not believe she needed substance abuse treatment.

As a result, the juvenile court terminated services for mother in early 2013.  The children's father, however, did successfully reunify with the children, so that in May 2013, the court granted him sole legal and physical custody of the children and terminated its dependency jurisdiction.

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

However, in November 2013, law enforcement detained the children once more. The father and the children were homeless and the children did not have enough to eat. The father was using drugs again. In addition, the father allowed contact between the children and mother despite an order denying mother any visitation. Also, he left the children with mother, who, according to two of the children, was also using drugs. This led to the current dependency proceedings.

In January 2014, the court conducted a jurisdictional hearing, at which the court found the allegations in the department's dependency petition true and exercised its jurisdiction over the children. Although the hearing was reported, the record before us does not contain a reporter's transcript of the hearing.

Following the jurisdictional hearing, the department prepared a dispositional report in which it recommended the court deny the parents reunification services. In the case of mother, the department alleged that she came within the definition of section 361.5, subdivision (b)(10) based on mother's failure to reunify with the children during their previous dependency and her failure to subsequently make a reasonable effort to treat her substance abuse problem. The department also alleged that she came within the definition of section 361.5, subdivision (b)(13) based on mother's 30-year history of extensive, abusive and chronic use of drugs and her resistance to court-ordered treatment for the problem within the past three years.

In June 2014, the court conducted a two-day dispositional hearing. The first day, June 5, 2014, was the evidentiary portion of the hearing. Although the June 5, 2014, hearing was reported, the record before us does not include a reporter's transcript of the hearing. On the second day, the court heard closing arguments. After the matter was submitted, the court denied mother reunification services, having found by clear and convincing evidence that the requirements of section 361.5, subdivision (b)(10) and (13) were met. The court made specific reference to mother's resistance to efforts to help

3

address the substance abuse issues that had plagued her for most of her life and led to the removal of the children from her custody. The court found mother had minimal efforts. Having also denied the father reunification services, the court set a section 366.26 hearing to select and implement a permanent plan for the children.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) A petitioner must also include a memorandum summarizing the significant facts, limited to matters in the record and with citations to the record, among other things. (Cal. Rules of Court, rule 8.452(a) & (b).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In this case, as previously mentioned, mother contends in conclusory terms that there was insufficient evidence to support the court's exercise of jurisdiction over the children with regard to her and its order denying her reunification services. However, she has failed to provide us with an adequate record to review her contentions. Specifically, she has failed to augment the record to include the reporter's transcript of the January 2014 jurisdictional hearing and the evidentiary phase of the June 2014 dispositional hearing. Mother has failed in her burden to affirmatively show error on the record. (*Denham v. Superior Court, supra,* 2 Cal.3d 557, 564.)

In addition, mother's petition does not include a memorandum summarizing the significant facts, limited to matters in the record and with citations to the record, among other things. (Cal. Rules of Court, rule 8.452(a) & (b).) She instead apparently expects

4

this court to review the record to see whether it supports her conclusory contentions. This we will not do.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate. This opinion is immediately final as to this court.